**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**EDWARD ARNOLD,**

                  **Plaintiff,**            5:15-cv-10
                                                (GLS/TWD)
                  v.

**CAROLYN W. COLVIN,**
Commissioner of Social Security,

                  **Defendant.**
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **FOR THE PLAINTIFF:** | |
| Lachman, Gorton Law Firm<br>P.O. Box 89<br>1500 East Main Street<br>Endicott, NY 13761-0089 | PETER A. GORTON, ESQ. |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>Syracuse, NY 13261 | SERGEI ADEN<br>Special Assistant U.S. Attorney |
| Steven P. Conte<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | |

**Gary L. Sharpe
Senior District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Edward Arnold challenges defendant Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking review under 42 U.S.C. §§ 405(g) and 1383(c)(3). (Compl., Dkt. No. 1.) In a Report and Recommendation (R&R) filed February 2, 2016, Magistrate Judge Thérèse Wiley Dancks recommended that the Commissioner's decision be affirmed. (Dkt. No. 15.) Pending are Arnold's objections to the R&R. (Dkt. No. 16.)[1] For the reasons that follow, the court adopts the R&R, affirms the Commissioner's decision, and dismisses the complaint.

## II. Background[2]

On February 14, 2011, Arnold filed applications for DIB and SSI under the Social Security Act. (Tr.[3] at 122, 123, 281-95.) After his applications were denied, Arnold requested a hearing before an

---

[1] Notably, Arnold submitted additional filings in support of his objections well beyond the deadline for filing objections, (Dkt. Nos. 18, 19), to which the Commissioner has not responded.

[2] The court incorporates the factual recitations of the parties and Judge Dancks. (*See generally* Dkt. Nos. 13, 14, 15.)

[3] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 10.)

Administrative Law Judge (ALJ), which was held on December 4, 2012 and continued on May 7, 2013 . (*Id.* at 33-95, 160-64, 181.) On July 19, 2013, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*Id.* at 1-6, 11-32.)

Arnold commenced the present action by filing a complaint on January 5, 2015, seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Dancks issued an R&R recommending that the Commissioner's decision be affirmed. (*See generally* Dkt. No. 15.)

### III. Standard of Review

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. See 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. See *Almonte v.*

*N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

Arnold's objections are two fold. (Dkt. No. 16.) He argues that: (1) Judge Dancks committed error by "allowing the ALJ to substitute her medical opinion for the only physical opinion of record"; and (2) the vocation expert (VE) testimony was insufficient to establish that a significant number of jobs exist that he can perform and that Judge Dancks erred in finding that the Commissioner met her burden on that issue. (*Id.* at 10-14.)[4] These arguments are virtually identical to those presented by Arnold in the brief considered by Judge Dancks. (*Compare* Dkt. No. 13 at 10-17, *with* Dkt. No. 16 at -3, 10-14.) Arnold clearly takes issue with how

---

[4] Arnold also summarily "re-alleges the other arguments set forth in [his] brief as to the ALJ's errors which were not accepted by Magistrate Judge Dancks." (Dkt. No. 16 at 14.) This "objection" is clearly general, and nonsensical insofar as no additional arguments were made in his brief, and triggers review for clear error only.

4

these arguments were resolved, but fails to point out any particular deficiency with the R&R itself. These objections are therefore general and warrant review for clear error only. Having carefully reviewed the R&R for clear error and fining none, it is adopted in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Thérèse Wiley Dancks' February 2, 2016 Report and Recommendation (Dkt. No. 15) is **ADOPTED** and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Arnold's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 23, 2016
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge